IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RONNIE MARTINEZ,<br>    *Plaintiff,*<br><br>v.<br><br>BRATISLAV M. VELIMIROVIC<br>    *Defendant.* | **Civil Action No. 3:24-cv-281**<br><br>[State Cause No. 2024DCV2710] |

# NOTICE OF REMOVAL

Defendant Bratislav M. Velimirovic ("Dr. Velimirovic") hereby removes this action—Cause No. 2024DCV2710 in state court—pursuant to 28 U.S.C. § 1331, 1441, and 1446 from the 346th District Court, El Paso County, Texas to the El Paso Division of the United States District Court for the Western District of Texas. Dr. Velimirovic files this Notice of Removal on the grounds that Martinez's suit presents a federal question.

## I.   BACKGROUND

Dr. Velimirovic provided medical care to Martinez, including surgery, to evaluate and treat injuries Martinez sustained in an August 2, 2022 motor vehicle collision caused by the negligence of another driver. Dr. Velimirovic provided this treatment on credit in reliance on a letter of protection provided by Martinez's lawyer, in which Martinez's lawyers promised to protect Dr. Velimirovic's bills out of the proceeds of Martinez's personal injury claims.

After settling his claims, Martinez did not have his lawyers pay Dr. Velimirovic as promised. Instead, he filed the instant lawsuit against Dr. Velimirovic in the 346th District Court, El Paso County, Texas, Cause No. 2024DCV2710, seeking a judicial

1

declaration that Dr. Velimirovic is obligated to submit his services to payment by Medicare under 42 U.S.C. § 1848(g)(4), and an injunction compelling Dr. Velimirovic to submit his claims to Medicare. The suit also includes a request for a declaration that Dr. Velimirovic was obligated to submit his claims to Medicare under state law, TEX. CIV. PRAC. & REM. CODE § 146.002. A copy of the petition is attached as **Exhibit 1**.

Martinez filed suit June 5, 2024. The petition and citation were not personally served on Dr. Velimirovic, but Martinez's counsel accepted Dr. Velimirovic's counsel's offer to accept service and sent him a copy of the petition on July 15, 2024. Dr. Velimirovic filed his answer and a counterclaim for breach of contract, quantum meruit, and fraud on August 9, 2024. A copy of the answer and counterclaim is attached as **Exhibit 2**.

## II.  BASIS FOR REMOVAL

This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Martinez's suit arises under the laws of the United States. Specifically, Martinez is suing for a judicial declaration of Dr. Velimirovic's obligations under 42 U.S.C. § 1848(g)(4) and an injunction compelling Dr. Velimirovic to comply with those alleged obligations. While Martinez may seek relief under the state declaratory judgment statute and state law principles of equity, the petition "establishe[s] that [his] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). The case thus "still 'arise[s] under' the laws of the United States[.]" *Id.*

Jurisdiction is not barred under the rule set forth in *Franchise Tax Bd.*, 463 U.S. at 18–19 (1983) and *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950), because Martinez pleads 42 U.S.C. § 1848(g)(4) not merely as a defense to Dr.

Velimirovic's bills, but as a basis to affirmatively compel Dr. Velimirovic on pain of contempt to submit claims to Medicare.

Also, Martinez's claim under TEX. CIV. PRAC. & REM. CODE § 146.002 presents a federal question because its own application is triggered only by the application of federal law:

> **If the health care service provider is required or authorized** to directly bill a third party payor operating **under federal** or state **law, including Medicare** and the state Medicaid program, the health care service provider shall bill the third party payor….

TEX. CIV. PRAC. & REM. CODE § 146.002(c). Thus, any rights of Martinez or obligations of Dr. Velimirovic under this statute "requires resolution of a substantial question of federal law," *Franchise Tax Bd.*, 463 U.S. at 13, namely whether the Medicare Act required or authorized Dr. Velimirovic to bill Medicare in the first place as Martinez alleges. The Court has jurisdiction over this claim as well.

Alternatively, the Court should exercise supplemental jurisdiction over the TEX. CIV. PRAC. & REM. CODE § 146.002 claim under 28 U.S.C. § 1367 because the salient issue of this claim is the state statute's preemption by the Medicare Secondary Payer Act.

Dr. Velimirovic requests that the Court exercise supplemental jurisdiction over his counterclaims because they are so related to Martinez's claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

This Court has jurisdiction and this case is properly removable.

## III. REMOVAL IS TIMELY

Dr. Velimirovic was never served with the petition and citation, but Martinez's counsel accepted Dr. Velimirovic's counsel's offer to accept service on July 15, 2024. Moreover, the first time either Dr. Velimirovic or his counsel ever received a copy of the petition was when Martinez's counsel emailed it to Dr. Velimirovic's counsel on July 15, 2024. This notice of removal is timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of July 15, 2024.

## IV. ALL DEFENDANTS ARE JOINED

Dr. Velimirovic is the only defendant, so there are no other defendants whose consent or joinder are required under 28 U.S.C. 1446(b)(2)(A).

## V. NOTICE TO ADVERSE PARTIES AND COURT

Notice of this filing and a copy of this notice will be filed with the clerk of the 246th District Court and served on Martinez's counsel via email or Texas eFile in accordance with the Texas Rules of Civil Procedure and 28 U.S.C. § 1446(d) immediately after the filing of this notice.

DATED:   August 12, 2024.

Respectfully Submitted,

HUMPHREY LAW PLLC

*/s/ Brian S. Humphrey II*
**Brian S. Humphrey II**
State Bar No. 24074456
700 Louisiana, Suite 3950
Houston, Texas 77002
brian@humphreylawpllc.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
***Attorney for Defendant Keith R. Johnson, MD***

CERTIFICATE OF SERVICE

I hereby certify that this document was served on all attorneys of record as indicated below on August 12, 2024.

**Paula A. Wyatt**
**Gavin McInnis**
**Thomas Kocurek**
WYATT LAW FIRM, PLLC
e-serve@wyattlawfirm.com
***Attorneys for Plaintiff***
*Via State Electronic Filing Service*
*Via 1st Class Mail*

> */s/ Brian S. Humphrey II*
> Brian S. Humphrey II